UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN HARLOW, #03204-087,

        Petitioner,

v.                                          2:08CV558

PATRICIA R. STANSBERRY, WARDEN,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner is serving a 53-month aggregate term of imprisonment as a result of the revocation of his supervised release and a conviction for the offense of aiding and abetting in the distribution of cocaine base. (Ex. 1 at ¶ 4, Doc. #8). On October 20, 2008, petitioner received a disciplinary charge for fighting. (Doc. #4 at ¶ 1; Ex. 2 at ¶ 4, Doc. #8). A copy of the report was delivered to petitioner on October 24, 2008. (Ex. 2 at ¶ 4, Doc. #8). It was subsequently determined that the report needed to be rewritten due to a lack of information in the report describing the incident. Id. at ¶ 4 and Attach. 1. An investigation was conducted on October 24, 2008. Id. at ¶ 4.

On November 7, 2008, the Unit Manager informed petitioner that the incident report was being rewritten. (Doc. #4 at ¶ 1). Petitioner informed the Unit Manager, J. Vukelich, that, pursuant to 28 C.F.R. § 541.15(a) and Program Statement 5270.07, the time to amend the report had expired. Petitioner therefore requested an administrative grievance form to grieve the alleged deprivation of his due process rights. Id. at ¶ 2. Petitioner alleges that Vukelich refused to give him a form, telling petitioner "that [it] will not do you any good since it comes to me and I have already made my decision." Id. at ¶ 3.

The incident report was rewritten on November 17, 2008, and delivered to petitioner on November 18, 2008. (Ex. 2 at ¶ 5 and Attach. 1, Doc. #8). Due to the severity of the charge, the incident was referred to the institution's Discipline Hearing Officer ("DHO"). Id. at ¶ 5. On December 10, 2008, a hearing was held before the DHO. Following the hearing, the charge was expunged from petitioner's discipline record. Petitioner received no sanctions or punishment as a result of the charge. Id. at ¶ 6. Petitioner's disciplinary record does not include the disciplinary charge at issue in this action. Id. at ¶ 6 and Attach. 2.

### B. Grounds Alleged

Petitioner alleges the following ground:

1. Petitioner's due process rights were violated in the prison disciplinary proceeding.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Applicable Standard

Respondent has moved to dismiss the petition. Because matters outside the pleadings have been admitted by the Court, the Court will

treat respondent's motion to dismiss as one for summary judgment. According to the Federal Rules of Civil Procedure, if a party has moved for dismissal under 12(b)(6) and if matters outside the pleadings are presented and not excluded by the court the motion shall be treated as one for summary judgment. Carter v. Stanton, 405 U.S. 669 (1972). If the court decides to treat a 12(b)(6) motion as one for summary judgment, it must give the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)(citing Fed. R. Civ. P. 12(b)(6))).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner was given notice of his right to respond to the motion to dismiss and to submit affidavits and statements in support of his position in opposition to the motion. Petitioner was advised that failure to submit any materials could result in an adverse judgment based on respondent's motion and accompanying affidavits.

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, the pleadings, or other evidence, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if the dispute about a material fact is "genuine." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. Id. In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. Id.

Finally,

> We must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992).

### B. Petitioner's Claim is Moot

In the petition currently before the Court, petitioner claims that he was denied due process because the disciplinary charge against him was rewritten after the time for doing so had expired, and because he was denied administrative grievance forms. However, the record reflects that the charge was expunged from petitioner's disciplinary record, and that he received no sanctions as a result of the charge.

A number of federal courts have held that the effect of a successful administrative appeal is to "cure[] any procedural defect that may have occurred at the disciplinary hearing." Sowell v. Ryan, 823 F. Supp. 107, 110 (W.D.N.Y. 1992), aff'd, 996 F.2d 302 (2d Cir. 1993); accord Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992), cert. denied, 510 U.S. 837 (1993); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (per curiam); Hyson v. Neubert, 820 F. Supp. 184, 191 (D.N.J. 1993)

4

("[W]here prison officials rectify the consequences of a constitutionally deficient disciplinary hearing within a reasonable time, even absent a specific regulatory appeal procedure, the mandates of due process have been satisfied."). In the present case, the charge was expunged from petitioner's disciplinary record through the prison's normal disciplinary procedure. Thus, even if the Court were to find that petitioner's due process rights were somehow violated, because the prison's procedure as a whole led to the vindication of petitioner's procedural rights, the Court would still find that petitioner was afforded all the process for which he was due.

Article III of the Constitution limits the exercise of judicial power to actual, ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "It has long been settled that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Sloley v. O'Brien, 2008 WL2852023, at *1 (W.D. Va. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

In the present case, petitioner was never convicted or sanctioned with regard to the disciplinary charge. In fact, the charge was expunged from his record. Accordingly, petitioner's claim has been rendered moot; therefore, no live case or controversy as contemplated by Article III of the Constitution exists. Where no live case or

5

controversy exists, a federal court may not entertain the action. <u>See, e.g.</u>, <u>Lewis</u>, 494 U.S. at 477-78; <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 240-41 (1937).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1)(C)(2000); Fed. R. Civ. P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

July 8, 2009

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

> John Harlow #03204-087
> FCI Petersburg
> P.O. Box 90043
> Petersburg, VA  23804

> Mark A. Exley, Esq.
> AUSA
> US Attorney's Office
> 101 West Main St., Ste. 8000
> Norfolk, VA  23510

Fernando Galindo, Clerk

By _____
     Deputy Clerk

_____July 8_____, 2009